## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 07 B 17944 |
| | ) Chapter 7 |
| MAUREEN E. RYAN, | ) Judge John H. Squires |
| | ) |
| Debtor. | ) |
| | ) |
| JON R. BAERMANN and | ) Adversary No. 09 A 00062 |
| LISA M.D. BAERMANN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MAUREEN E. RYAN, | ) |
| | ) |
| Defendant. | |

### MEMORANDUM OPINION

These matters come before the Court on the cross-motions for summary judgment

pursuant to the Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference

Federal Rule of Civil Procedure 56, filed by Maureen E. Ryan (the "Debtor") and Jon R.

Baermann and Lisa M.D. Baermann (the "Plaintiffs"). For the reasons set forth herein, the

Court denies the Plaintiffs' motion for summary judgment. The Court finds that the

Plaintiffs have not demonstrated that the judgment entered by the Illinois state court should

be afforded preclusive effect under the doctrines of collateral estoppel and res judicata.

Further, the Court grants the Debtor's motion. The Court finds that the Plaintiffs failed to

timely file their complaint pursuant to Federal Rule of Bankruptcy Procedure 4007(c).

Accordingly, this adversary proceeding is hereby dismissed. The trial set to commence on

October 14, 2009, is hereby stricken.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

The following facts are not in dispute. On October 1, 2007, the Debtor filed a voluntary Chapter 13 bankruptcy petition. (Debtor 7056-1 statement Ex. A; Plaintiffs' 7056-1 statement ¶ 20.) Thereafter, on January 29, 2008, the case was converted to Chapter 7. (Debtor 7056-1 statement Ex. B; Plaintiffs' 7056-1 statement ¶ 20.) On February 8, 2008, the Clerk of the Bankruptcy Court sent out a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" that scheduled the meeting of creditors under 11 U.S.C. § 341(a) for March 11, 2008. (Debtor 7056-1 statement Ex. C.) Pursuant to the Notice, parties had until May 12, 2008 to file a complaint objecting to the discharge of the Debtor or to determine the dischargeability of certain debts. (Id.)

On May 9, 2008, the Plaintiffs timely filed a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) in an adversary proceeding styled Jon R. and Lisa M.D. Baermann v. Maureen E. Ryan, No. 08 A 00268. (Debtor 7056-1 statement ¶ 7 & Ex. D; Plaintiffs' 7056-1 statement ¶ 21.) On September 8, 2008, at a pretrial conference, the Court entered a Final Pretrial Order that set the matter for trial on January 26, 2009. The Final Pretrial Order required the parties to submit exhibits and witness lists at least fourteen days prior to the trial date. The parties belatedly and partially

-3-

complied with that Order. As a result of the parties' partial and late compliance, on January 26, 2009, the Court dismissed the adversary proceeding without prejudice as a sanction (the "Dismissal Order"). (Debtor 7056-1 statement ¶ 8 & Ex. E; Plaintiffs' 7056-1 statement ¶ 22.) The Dismissal Order did not grant the Plaintiffs leave to reinstate the complaint nor did it extend the time within which to file a complaint objecting to the dischargeability of a debt. (Debtor 7056-1 statement ¶ 11 & Ex. E.) The Plaintiffs did not file a motion for an extension of time to file a complaint to determine the dischargeability of a debt, and no such extension has been granted by the Court. (Debtor 7056-1 statement ¶ 10 & Ex. G.)

One day after the entry of the Dismissal Order, on January 27, 2009, the Plaintiffs filed the instant adversary proceeding. (Debtor 7056-1 statement ¶ 9 & Ex. F; Plaintiffs' 7056-1 statement ¶ 23.) This complaint mirrors the prior complaint and makes the following allegations. The Plaintiffs purchased real property located in Kane County, Illinois from the Debtor. After that purchase, the Plaintiffs sued the Debtor in the Illinois state court. The two-count state court complaint alleged claims of fraud (Count I) and violation of the Illinois Residential Real Property Disclosure Act, 765 ILL. COMP. STAT. 77/1 *et seq.* (Count II). (Plaintiffs' 7056-1 statement Ex. A.) The Plaintiffs asserted in the state court action that the Debtor knowingly concealed serious defects in the real property. (*Id.*) Specifically, the Plaintiffs contended that the disclosure report presented by the Debtor to the Plaintiffs did not reveal any of the following: leaks or material defects in the roof, ceiling, or chimney; current infestations of termites or other wood boring insects; and structural defects caused by previous infestations of termites or other wood boring insects. (*Id.*) After the Plaintiffs purchased the property, they discovered that it had numerous defects of the type listed above,

-4-

including, but not limited to, severe damage from a leak in the roof, active wood boring

insect infestation, and severe structural damage from previous wood boring insect infestation.

(*Id.*)  According to the Plaintiffs, the Debtor knew of these material defects and failed to

disclose them to the Plaintiffs.  (*Id.*)  The Plaintiffs contended that they justifiably relied, to

their detriment, upon the representations of the Debtor.  (*Id.*)  Finally, the Plaintiffs alleged

that had they known the true condition of the real property, they would not have entered into

the contract for purchase.  (*Id.*)

After a trial in the Illinois state court on November 21, 2005, the Plaintiffs were

awarded a judgment against the Debtor in the sum of $15,320.01 plus costs.  (Plaintiffs'

7056-1 statement ¶ 15.)  The state court made the following conclusions:

> 9.  As to Count I, Illinois law clearly provides that "where the
> vendor of a used home knows facts materially affecting value
> or desirability of property which are known or accessible only
> to him and also knows that such facts are not known to or
> within reach of diligent attention and observation of
> purchaser, vendor is under duty to disclose them to
> purchaser."
> 10.  Those facts must be proven by clear and convincing
> evidence.
> 11.  As to Count II, the Residential Real Property Disclosure
> Act ("Act") requires clear and convincing evidence of a
> knowing violation of the Act by Defendant's failure to
> disclose as per the Act.
> 12.  As to both Counts I and II, Plaintiffs have met their
> burden of proof based upon the evidence.

(Plaintiffs' 7056-1 statement Ex. B ¶¶ 9-12) (citation omitted).

Significantly, the underlying evidence by way of testimony and/or documents that

gave rise to such conclusions drawn by the state court has not been furnished to this Court.

The only portions of the state court record furnished by the Plaintiffs are the following: the

-5-

state court verified complaint (Plaintiffs' 7056-1 statement Ex. A); the trial court's orders

dated November 17, 2005 and January 10, 2006 (Plaintiffs' 7056-1 statement Ex. B); and the

Rule 23 order of the Appellate Court of Illinois Second District, dated June 29, 2007, without

the referenced "bystander's report of the proceedings at trial" (Plaintiffs' 7056-1 statement

Ex. C).

Subsequent to the entry of the state court judgment against her, the Debtor filed a

post-trial motion that requested the trial court to reconsider its decision. The motion was

denied. Thereafter, the Debtor filed an appeal before the Illinois appellate court. The appeal

was denied. (Plaintiffs' 7056-1 statement Ex. C.) Throughout the state court proceedings,

the Debtor was represented by counsel.

The Debtor contends in her motion for summary judgment that the instant complaint

is untimely pursuant to Federal Rule of Bankruptcy Procedure 4007(c) and that it should be

dismissed under Federal Rule of Bankruptcy Procedure 7041. The Plaintiffs have filed a

cross-motion for summary judgment and maintain that they are entitled to judgment pursuant

to the doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel. The Plaintiffs state

that the complaint at bar raises the identical issues determined in the state court action. They

contend that the findings made by the Illinois state court are sufficient to meet all of the

elements under § 523(a)(2)(A), and thus, the debt owed by the Debtor to the Plaintiffs is non-

dischargeable.

-6-

## III. APPLICABLE STANDARDS

### A.    Summary Judgment

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R CIV. P. 56(c). *See also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmens Fed. Savs. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation

-7-

omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van*

-8-

*Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990). The manner in which a party can make this showing depends upon which party will bear the burden of persuasion at trial.

If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production either by submitting affirmative evidence that negates an essential element of the non-moving party's claim or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See Union Nat'l Bank of Marseilles v. Leigh (In re Leigh)*, 165 B.R. 203, 213 (Bankr. N.D. Ill. 1993). When a defendant moves for summary judgment, the plaintiff has the obligation to make out its prima facie case. *Fischer Inv. Capital, Inc. v. Cohen (In re Cohen)*, 334 B.R. 392, 397 (Bankr. N.D. Ill. 2005). The failure of the plaintiff to adduce evidence on each element of the claim results in the

-9-

entry of summary judgment for the defendant. *Id.* (*citing Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 694 (7th Cir. 2005)).

The parties have filed cross-motions for summary judgment. The motions must be ruled on independently and must be denied if there are genuine issues of material fact. *ITT Indus. Credit Co. v. D.S. Am., Inc.*, 674 F. Supp. 1330, 1331 (N.D. Ill. 1987). Cross-motions for summary judgment do not require the court to decide the case on the motions; the court can deny both motions if both parties have failed to meet the burden of establishing that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. *Id.*; *Pettibone Corp. v. Ramirez (In re Pettibone Corp.)*, 90 B.R. 918, 922 (Bankr. N.D. Ill. 1988). Also, cross-motions for summary judgment do not warrant the granting of summary judgment where the decision of a question of law depends upon inquiry into surrounding facts and circumstances, and in such instance, summary judgment should be refused until such facts and circumstances have been sufficiently developed to enable the court to be reasonably certain that it is making the correct determination on the question of law. *Nugent v. United States*, 136 F. Supp. 875, 878 (N.D. Ill. 1955). Thus, on their respective motions, the Plaintiffs and the Debtor each bear the burden of demonstrating the absence of material factual issues and establishing that judgment should be entered in their favor as a matter of law. *See Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998). "All inferences are construed in favor of the party against whom the motion under consideration is made." *Solow v. United States (In re Johnson Rehab. Nursing Home, Inc.)*, 239 B.R. 168, 172 (Bankr. N.D. Ill. 1999) (*citing Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir. 1996)).

-10-

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois.  Hence, the case law construing LR 56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.  Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties.  Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement").  The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.  Failure to submit such a statement constitutes grounds for denial of the motion."  Local Bankr.R. 7056-1B.  Both parties filed 7056-1 statements that substantially comply with the requirements of Local Rule 7056.  They contain numbered paragraphs setting out assertedly uncontested facts with specific reference to parts of the record.  Additionally, the parties furnished other supporting materials relied upon.

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and

-11-

other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly,

"[a]ll material facts set forth in the [7056-1] statement required of the moving party will be

deemed to be admitted unless controverted by the statement of the opposing party." Local

Bankr.R. 7056-2B. The parties filed the requisite 7056-2 statements.

## B.     Exceptions to the Discharge of a Debt

The discharge provided by the Bankruptcy Code is meant to effectuate the "fresh

start" goal of bankruptcy relief. *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir.

2002). The party seeking to establish an exception to the discharge of a debt bears the

burden of proof. *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th

Cir. 1992); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 957 (Bankr. N.D. Ill.

1995). The United States Supreme Court has held that the burden of proof required to

establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*,

498 U.S. 279, 291 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir. 1996); *In

re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). Exceptions to discharge are to be construed

strictly against a creditor and liberally in favor of a debtor. *In re Morris*, 223 F.3d 548, 552

(7th Cir. 2000); *Kolodziej v. Reines (In re Reines)*, 142 F.3d 970, 972-73 (7th Cir. 1998); *In

re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985). "The statute is narrowly construed so as not

to undermine the Code's purpose of giving the honest but unfortunate debtor a fresh start."

*Park Nat'l Bank & Trust of Chi. v. Paul (In re Paul)*, 266 B.R. 686, 693 (Bankr. N.D. Ill.

2001).

-12-

## C.    11 U.S.C. § 523(a)(2)(A)

Section 523 of the Bankruptcy Code enumerates specific, limited exceptions to the dischargeability of debts.  Section 523(a)(2)(A) provides as follows:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).   Section 523(a)(2)(A) lists three separate grounds for dischargeability: actual fraud, false pretenses, and a false representation.  *Id.*; *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001).  A single test is applied to all three grounds even though the elements for each exception vary under common law. *Jairath*, 259 B.R. at 314.

### 1. False pretenses or false representation

In order to except a debt from discharge due to false pretenses or a false representation under § 523(a)(2)(A), the creditor must establish the following elements: (1) the debtor made a false representation of fact (2) which the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation. *Baker Dev. Corp. v. Mulder (In re Mulder)*, 307 B.R. 637, 643 (Bankr. N.D. Ill. 2004); *Bednarsz v. Brzakala (In re Brzakala)*, 305 B.R. 705, 710 (Bankr. N.D. Ill. 2004).  To prevail on a § 523(a)(2)(A) complaint, all

-13-

three elements must be established. *Glucona Am., Inc. v. Ardisson (In re Ardisson)*, 272 B.R.

346, 357 (Bankr. N.D. Ill. 2001). Failure to establish any one fact is outcome determinative.

*Jairath*, 259 B.R. at 314.

False pretenses in the context of § 523(a)(2)(A) include implied misrepresentations

or conduct intended to create or foster a false impression. *Mem'l Hosp. v. Sarama (In re*

*Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996). The Court has defined false pretenses

as follows:

> [A] series of events, activities or communications which,
> when considered collectively, create a false and misleading
> set of circumstances, or false and misleading understanding
> of a transaction, in which a creditor is wrongfully induced by
> the debtor to transfer property or extend credit to the debtor....
>
> A false pretense is usually, but not always, the product of
> multiple events, acts or representations undertaken by a
> debtor which purposely create a contrived and misleading
> understanding of a transaction that, in turn, wrongfully
> induces the creditor to extend credit to the debtor. A "false
> pretense" is established or fostered willfully, knowingly and
> by design; it is not the result of inadvertence.

*Sterna v. Paneras (In re Paneras)*, 195 B.R. 395, 406 (Bankr. N.D. Ill. 1996) (*quoting Evans*

*v. Dunston (In re Dunston)*, 117 B.R. 632, 641 (Bankr. D. Colo. 1990), *aff'd in part, rev'd*

*in part*, 146 B.R. 269 (D. Colo. 1992)). *Accord John Deere Co. v. Broholm (In re Broholm)*,

310 B.R. 864, 872 (Bankr. N.D. Ill. 2004) (*quoting Paneras*).

False pretenses do not necessarily require overt misrepresentations. *Sarama*, 192

B.R. at 928. "Instead, omissions or a failure to disclose on the part of a debtor can constitute

misrepresentations where the circumstances are such that omissions or failure to disclose

create a false impression which is known by the debtor." *Id.* Silence or concealment may

-14-

constitute false pretenses. *Shelby Shore Drugs, Inc. v. Sielschott (In re Sielschott)*, 332 B.R. 570, 573 (Bankr. C.D. Ill. 2005); *Fosco v. Fosco (In re Fosco)*, 289 B.R. 78, 86 (Bankr. N.D. Ill. 2002).

A false representation can be shown through conduct and does not require a spoken or written statement. *Jairath*, 259 B.R. at 314. In other words, "[a] debtor's silence regarding a material fact can constitute a false representation under § 523(a)(2)(A)." *Health Benefit Plan v. Westfall (In re Westfall)*, 379 B.R. 798, 803 (Bankr. C.D. Ill. 2007). A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression. *Trizna & Lepri v. Malcolm (In re Malcolm)*, 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992).

### 2. Actual fraud

The Seventh Circuit Court of Appeals defined the term "fraud" for purposes of § 523(a)(2)(A) as follows:

> 'Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.'

*McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (*quoting Stapleton v. Holt*, 250 P.2d 451, 453-54 (Okla. 1952)). "Actual fraud" is not limited to misrepresentation, but may encompass "any deceit, artifice, trick, or design involving direct and active operation of the

-15-

mind, used to circumvent and cheat another[.]" *Id.* (internal quotation omitted). Hence, a

different analysis must be utilized when a creditor alleges actual fraud. *Id.* The *McClellan*

court opined that because common law fraud does not always take the form of a

misrepresentation, a creditor need not allege misrepresentation and reliance thereon to state

a cause of action for actual fraud under § 523(a)(2)(A). *Id.* Rather, the creditor must

establish the following: (1) a fraud occurred; (2) the debtor intended to defraud the creditor;

and (3) the fraud created the debt that is the subject of the discharge dispute. *Id.* at 894. The

fraud exception under § 523(a)(2)(A) does not reach constructive frauds, only actual ones.

*Id.* The existence of fraud may be inferred if the totality of circumstances presents a picture

of deceptive conduct by the debtor that indicates he intended to deceive or cheat the creditor.

*Cripe v. Mathis (In re Mathis)*, 360 B.R. 662, 666 (Bankr. C.D. Ill. 2006); *Sielschott*, 332

B.R. at 572.

### 3. Intent

Any cause of action under § 523(a)(2)(A)–false pretenses, false representation, or

actual fraud– requires proof that the debtor acted with intent to deceive. *Pearson v. Howard

(In re Howard)*, 339 B.R. 913, 919 (Bankr. N.D. Ill. 2006). Proof of intent to deceive is

measured by the debtor's subjective intention at the time the representation was made. *Mega

Marts, Inc. v. Trevisan (In re Trevisan)*, 300 B.R. 708, 717 (Bankr. E.D. Wis. 2003); *see also

CFC Wireforms, Inc. v. Monroe (In re Monroe)*, 304 B.R. 349, 356 (Bankr. N.D. Ill. 2004).

Therefore, subsequent acts of fraud or omission do not demonstrate that the debtor had the

requisite intent at the time the representations were made. *Trevisan*, 300 B.R. at 717.

"Where a person knowingly or recklessly makes false representations which the person

-16-

knows or should know will induce another to act, the finder of fact may logically infer an intent to deceive." *Jairath*, 259 B.R. at 315. Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances. *Hickory Point Bank & Trust, FSB v. Kucera (In re Kucera)*, 373 B.R. 878, 884 (Bankr. C.D. Ill. 2007); *Rezin v. Barr (In re Barr)*, 194 B.R. 1009, 1020 (Bankr. N.D. Ill. 1996). The determination of intent is a question of fact to be decided by the bankruptcy court. *Howard*, 339 B.R. at 919.

### 4. Justifiable Reliance

The final element under § 523(a)(2)(A) requires a finding of causation. Reliance on a false pretense, false representation, or actual fraud under § 523(a)(2)(A) must be "justifiable." *Field v. Mans*, 516 U.S. 59, 74-75 (1995). Justifiable reliance is a less demanding standard than reasonable reliance and requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Id.* at 71 (internal quotation omitted). Justifiable reliance is an intermediate level of reliance that falls somewhere between the more stringent "reasonable reliance" guidepost and the lenient "reliance in fact." *Id.* at 74-75.

The justifiable reliance standard imposes no duty to investigate unless the falsity of the representation is readily apparent. *Id.* at 70-72. Whether a party justifiably relies on a misrepresentation is determined by looking at the circumstances of a particular case and the characteristics of a particular plaintiff, not by an objective standard. *Id.* at 71; *Bombardier Capital, Inc. v. Dobek (In re Dobek)*, 278 B.R. 496, 508 (Bankr. N.D. Ill. 2002). "[A] person

-17-

is justified in relying on a representation of fact 'although he might have ascertained the falsity of the representation had he made an investigation.'" *Mercantile Bank v. Canovas*, 237 B.R. 423, 429 (Bankr. N.D. Ill. 1998) (*quoting Field v. Mans*, 516 U.S. at 70). "However, a 'plaintiff may not bury his head in the sand and willfully ignore obvious falsehoods.'" *Johnston v. Campbell (In re Campbell)*, 372 B.R. 886, 892 (Bankr. C.D. Ill. 2007) (*quoting Zirkel v. Tomlinson (In re Tomlinson)*, Ch. 7 Case No. 96 B 27172, Adv. No. 96 A 1539, 1999 WL 294879, at *12 (Bankr. N.D. Ill. May 10, 1999)).

To satisfy the reliance element of § 523(a)(2)(A), the creditor must show that the debtor made a material misrepresentation that was the cause-in-fact of the debt that the creditor wants excepted from discharge. *Mayer v. Spanel Int'l Ltd. (In re Mayer)*, 51 F.3d 670, 676 (7th Cir. 1995) ("Reliance means the conjunction of a material misrepresentation with causation in fact."). *See also Westfall*, 379 B.R. at 805 (*citing Mayer*).

## IV.  DISCUSSION

### A.    The Debtor's Motion for Summary Judgment

The issue before the Court with respect to the Debtor's motion for summary judgment is whether the Plaintiffs' complaint should be dismissed on the basis that it was filed untimely. Federal Rule of Bankruptcy Procedure 4007(c) governs the time period for filing a complaint to determine the dischargeability of a debt and sets the deadline for filing such a complaint under 11 U.S.C. § 523(c) as "60 days after the first date set for the meeting of creditors under § 341(a)." FED. R. BANKR. P. 4007(c). Bankruptcy Rule 4007(c) provides that "the court may for cause extend the time fixed under this subdivision. The motion shall

-18-

be filed before the time has expired." *Id.* Federal Rule of Bankruptcy Procedure 9006(b)(3)

in turn states that a "court may enlarge the time for taking action under Rule[] . . . 4007(c)

. . . only to the extent and under the conditions stated in [that] rule[]." FED. R. BANKR. P.

9006(b)(3). Thus, Bankruptcy Rule 9006(b)(3) provides that a court may not enlarge the

time to file a complaint under Bankruptcy Rule 4007(c) for any reason outside of the

provisions of that Rule. *Francis v. Eaton (In re Eaton)*, 327 B.R. 79, 81 (Bankr. D.N.H.

2005). Because Bankruptcy Rule 4007(c) sets forth a statute of limitations, it must be strictly

construed. *In re Lopresti*, 397 B.R. 62, 66 (Bankr. N.D. Ill. 2008).

The Seventh Circuit in *In re Kontrick*, 295 F.3d 724 (7th Cir. 2002), *aff'd*, 540 U.S.

443 (2004), held that the deadline in Bankruptcy Rule 4007(c) is not jurisdictional, and

therefore, is subject to equitable defenses. *Id.* at 733. Those defenses include waiver,

estoppel, and equitable tolling. *United States v. Locke,* 471 U.S. 84, 94 n.10 (1985); *Nardei

v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003). Those defenses were not

raised or argued here by the Plaintiffs, and those defenses will not be invoked or applied by

the Court sua sponte.

It is undisputed that the Plaintiffs' first complaint was filed timely. Further, it is

undisputed that the Plaintiffs did not file a motion to extend the date to file a complaint prior

to the expiration of the sixty day deadline. The Plaintiffs postulate that because the Court

dismissed the first complaint without prejudice, the Court impliedly granted the Plaintiffs

leave to file another complaint. The Plaintiffs contend that if the Court follows the argument

of the Debtor and dismisses the instant complaint as untimely, it effectively converts the

Dismissal Order, which was without prejudice, to a dismissal with prejudice.

-19-

The United States Supreme Court addressed the meaning of the phrase "dismissal

without prejudice" and stated in pertinent part:

> The primary meaning of "dismissal without prejudice," we
> think, is dismissal without barring the plaintiff from returning
> later, to the same court, with the same underlying claim. That
> will also ordinarily (though not always) have the consequence
> of not barring the claim from *other* courts, but its primary
> meaning relates to the dismissing court itself. Thus, Black's
> Law Dictionary (7th ed. 1999) defines "dismissed without
> prejudice" as "removed from the court's docket in such a way
> that the plaintiff may refile the same suit on the same claim,"
> *id.*, at 482, . . . and defines "dismissal without prejudice" as
> "[a] dismissal that does not bar the plaintiff from refiling the
> lawsuit *within the applicable limitations period*," *ibid.*

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (emphasis supplied).

The dismissal of a matter without prejudice permits refiling but only within the

original limitations period. *United States ex rel. Arrieta v. Briley*, No. 04 C 8012, 2004 WL

407005, at *3 (N.D. Ill. Feb. 20, 2004), *aff'd sub nom. Arrieta v. Battaglia*, 461 F.3d 861 (7th

Cir. 2006). "For limitations purposes, a suit dismissed without prejudice is treated as if it

never had been filed; the limitations period is deemed to have continued running from the

time the cause of action originally accrued." *Id.* (*citing Newell v. Hanks*, 283 F.3d 827, 834

(7th Cir. 2002)). Indeed, the Seventh Circuit has stated that if a case is dismissed without

prejudice, the statute of limitations is deemed to have continued running from whenever the

cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*,

227 F.3d 1009, 1011 (7th Cir. 2000). In other words, the filing of a case does not stop the

running of the statute of limitations even if that case is later dismissed without prejudice.

*Newell*, 283 F.3d at 834.

-20-

The Court finds that the instant complaint was not filed within the sixty days after the first meeting of creditors pursuant to Bankruptcy Rule 4007(c). The Dismissal Order, which dismissed the first complaint as a sanction for failure to comply with the Court's Final Pretrial Order, did not grant the Plaintiffs leave to reinstate that complaint, nor did it extend the time within which to file a complaint under § 523. Even though the Plaintiffs filed the instant complaint one day after the Court dismissed the first complaint, the Court finds that the Plaintiffs failed to timely file the complaint and did not seek an extension of the deadline within the applicable time period. The Court rejects the Plaintiffs' argument that the dismissal of the first complaint without prejudice effectively meant that the Plaintiffs could file another complaint and not be required to comply with Bankruptcy Rule 4007(c). Indeed, the dismissal of a matter without prejudice does not mean that the subsequent matter need not comply with the statute of limitations. *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989) ("'Without prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations.").

Moreover, there is no language in the Court's Dismissal Order that extends, waives, or tolls the applicable statute of limitations under Bankruptcy Rule 4007(c). In fact, the Court did not intend to extend, waive, or toll that limitations period in the Dismissal Order.

The Court rejects the Plaintiffs' argument that the Court has the equitable power, pursuant to 11 U.S.C. § 105(a), to allow what would otherwise be an untimely complaint to stand as timely. The Supreme Court has cautioned that any grant of authority given to the bankruptcy court under § 105 must be exercised within the confines of the Bankruptcy Code. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988). In addition, the Seventh

-21-

Circuit has instructed that "the power conferred by § 105(a) is one to implement rather than override." *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004). Moreover, "[b]ankruptcy courts lack authority to alter rules of state law, or depart from those in the Code, to implement their own views of wise policy." *In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 413-14 (7th Cir. 2005). The same principle applies to the Federal Rules of Bankruptcy Procedure. Hence, the Court declines the Plaintiffs' invitation to utilize § 105(a) as an avenue around Bankruptcy Rule 4007(c).

Further, the Court finds that the Plaintiffs have failed to allege any equitable defenses, such as waiver, estoppel, or equitable tolling as allowed by the *Kontrick* case. The fact that the Court entered an order dismissing the first complaint without prejudice does not serve as an equitable defense. The record before the Court fails to demonstrate any equitable basis for avoiding or tolling the filing deadline. The Dismissal Order was entered as a sanction against the Plaintiffs and the Debtor because their attorneys violated the Court's Final Pretrial Order. This situation does not warrant equitable relief in favor of an offending party. Additionally, the record is devoid of any evidence of the Debtor's knowing waiver of the filing deadline.

The Plaintiffs further argue that the Court has discretion to extend the date by which a complaint to determine dischargeability may be filed when "excusable neglect" is shown. Presumably, the Plaintiffs invoke Bankruptcy Rule 9006(b)(1), which permits an "act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1). *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, (1993). Bankruptcy Rule 9006(b)(1), however, "does not apply to determinations of

-22-

whether to extend deadlines under Rule[] . . . 4007. . . . Rule[] . . . 4007 make[s] no mention

of 'excusable neglect.'" *Mirmingos v. Benjamin*, 288 B.R. 521, 523 (N.D. Ill. 2003). Indeed,

Bankruptcy Rule 9006(b)(3) explicitly excepts Bankruptcy Rule 4007(c) from the "excusable

neglect" standard in permitting time enlargement by providing that a court may enlarge the

time for taking action under Bankruptcy Rule 4007(c) only to the extent stated in Bankruptcy

Rule 4007(c). *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir. 1987). Moreover, "unlike

motions to allow late filing under Rule 9006 for 'excusable neglect,' motions for extension

of time under Rule[] . . . 4007 must be filed prior to the expiration of the sixty day deadline;

there is no provision in [that] rule[] permitting filing after the deadline has passed absent a

timely-filed motion for extension of time." *Mirmingos*, 288 B.R. at 523.

In sum, it is undisputed that the Plaintiffs did not file this complaint prior to the

expiration of the sixty day deadline in Bankruptcy Rule 4007(c), and they did not file a

motion to extend the date to file the complaint prior to the expiration of the sixty day

deadline. That the Plaintiffs' first complaint was filed in a timely manner does not serve as

a basis of timeliness for the complaint at bar. Moreover, the Court finds that Bankruptcy

Rule 9006(b)(3) does not apply to Bankruptcy Rule 4007(c). Hence, the Plaintiffs may not

invoke "excusable neglect." Even if Bankruptcy Rule 9006(b)(3) did apply, the Court finds

that "excusable neglect" is not an equitable defense, and no excusable neglect has been

shown here. *See Mirmingos*, 288 B.R. at 523. Accordingly, the Court grants the Debtor's

motion for summary judgment because the instant complaint was not filed timely under

Bankruptcy Rule 4007(c).

-23-

## B.    The Plaintiffs' Motion for Summary Judgment

The Plaintiffs contend that they are entitled to summary judgment based on the doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel. The Court will address each point raised by the Plaintiffs.

### 1.    The *Rooker-Feldman* Doctrine

First, the Court will address the Plaintiffs' contention that they are entitled to summary judgment under the *Rooker-Feldman* doctrine.[1] The doctrine emerged from two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine prohibits inferior federal courts from reviewing state court decisions via direct or indirect collateral attacks. *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476. Specifically, it is a jurisdictional doctrine premised on the basis that, because federal district courts, and units thereof like this bankruptcy court, are courts of original jurisdiction, such lower federal courts are not authorized to review appeals from state court judgments, except where Congress has authorized such collateral review (such as habeas corpus petitions). *See Crestview Vill. Apts. v. United States Dept. of Hous. & Urban Dev.*, 383 F.3d 552, 555-56

---

[1] There is a fine distinction between the *Rooker-Feldman* doctrine and res judicata. *See Nesses v. Shephard*, 68 F.3d 1003, 1004 (7th Cir. 1995). Although both principles define the respect one court owes to an earlier judgment, the terms are not coterminous. *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). The *Rooker-Feldman* doctrine prohibits inferior federal courts from exercising appellate review over state court decisions, *id.*, while res judicata constitutes an affirmative defense that requires federal courts to give a state court judgment the same preclusive effect it would have in the state court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999). The difference between the two concepts is that the *Rooker-Feldman* doctrine addresses whether a federal court has subject matter jurisdiction over a particular matter, while res judicata is an affirmative defense that is dependant upon the full faith and credit statute of 28 U.S.C. § 1738. *Id.*

(7th Cir. 2004). The Supreme Court recently clarified the doctrine and stated that it bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007).

The *Rooker-Feldman* doctrine only applies if the party had a reasonable opportunity to raise the claims in the state court proceeding. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004). The doctrine applies to direct attacks on state court judgments as well as "claims that are inextricably intertwined with state court determinations." *Long*, 182 F.3d at 554. Whether a claim is "inextricably intertwined" with a state court judgment depends on "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Brokaw v. Weaver*, 305 F.3d 660, 665 (7th Cir. 2002) (internal quotation omitted). The relevant inquiry in each matter is whether the lower federal court "is in essence being called upon to review the state-court decision." *Zurich Am. Ins. Co. v. Superior Ct. for Cal.*, 326 F.3d 816, 823 (7th Cir. 2003) (internal quotation omitted). If "success in the federal court would require overturning the state court decision," the federal court lacks jurisdiction over the matter. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). Moreover, the Seventh Circuit has stated that if a federal plaintiff was the plaintiff in the state court action, the doctrine he must contend with is res judicata, not *Rooker-Feldman. Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996).

-25-

The Court finds that the Plaintiffs have incorrectly raised the *Rooker-Feldman* doctrine. The Plaintiffs appear to invoke the doctrine as a bar to this Court's review of the state court judgment. While the Court agrees with the Plaintiffs that the *Rooker-Feldman* doctrine does indeed bar the Court from reviewing the Illinois state court judgment, the doctrine does not serve as a basis for summary judgment in their favor. The Plaintiffs here were also the victorious plaintiffs in the state court action; the losing party was the Debtor. Thus, the doctrine does not apply to the matter at bar. *See id.* Furthermore, the Plaintiffs do not seek to set aside the state court judgment, nor do they ask this Court to review that judgment. They are not "state-court losers" attempting to have this bankruptcy court reexamine the Illinois state court judgment. *See Exxon*, 544 U.S. at 284. Rather, the Plaintiffs are presenting an independent claim–the § 523(a)(2)(A) claim–over which this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(I). The Plaintiffs were not able to raise the § 523(a)(2)(A) claim in the state court because such claim can only be raised in a bankruptcy case under 11 U.S.C. § 523(c)(1) and Bankruptcy Rule 4007(c). Thus, the invocation of the *Rooker-Feldman* doctrine is an inappropriate basis for summary judgment.

## 2.    The Doctrine of Res Judicata

Next, the Plaintiffs invoke the doctrine of res judicata. The doctrine of res judicata applies in the bankruptcy context. *Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989) (*citing Brown v. Felsen*, 442 U.S. 127, 132 (1979)). Because an Illinois state court rendered the judgment at issue, the Court must look to Illinois law to determine whether res judicata bars the litigation of this adversary proceeding. *See*

-26-

*Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000).

Under the doctrine of res judicata or claim preclusion, a final judgment on the merits issued by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action. *Hicks*, 479 F.3d at 471 (*quoting River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)). Res judicata bars the later suit between parties involving the same cause of action and includes "what was actually decided in the first action, as well as those matters that could have been decided in that suit." *River Park*, 703 N.E.2d at 889. In order for the doctrine of res judicata to apply, three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of the causes of action; and (3) there is an identity of parties or their privies. *Dollie's Playhouse, Inc. v. Nable Excavating, Inc. (In re Dollie's Playhouse, Inc.)*, 481 F.3d 998, 1001 (7th Cir. 2007) (*quoting Licari v. City of Chi.*, 298 F.3d 664, 666 (7th Cir. 2002)); *Hicks*, 479 F.3d at 471 (*quoting Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)). Federal courts apply an exception to res judicata where the plaintiff did not have a full and fair opportunity to litigate his claim in the state court. *Hicks*, 479 F.3d at 471 (*quoting Licari*, 298 F.3d at 667).

The Court finds that not all three requirements for the application of res judicata are present. Admittedly, there is an identity of parties in that the Plaintiffs and the Debtor here were the parties to the state court proceeding. In addition, there was a final judgment on the merits rendered by the Illinois state court. Indeed, that judgment was reviewed by the Illinois appellate court and affirmed. The third element–an identity of the causes of action–is not

-27-

satisfied. Count I of the complaint in the state court proceeding was for common law fraud

under Illinois law. Count II of the state court complaint was brought pursuant to the Illinois

Residential Real Property Disclosure Act. The complaint at bar raises a claim under §

523(a)(2)(A). A claim under § 523(a)(2)(A) of the Bankruptcy Code is not identical to a

claim for fraud under Illinois law or a claim under the Illinois Residential Real Property

Disclosure Act. Moreover, the dischargeability claim could not have been litigated until the

Debtor filed bankruptcy, which was after the state court action and judgment. *See* 11 U.S.C.

§ 523(c)(1); FED. R. BANKR. P. 4007(c). Accordingly, the Court finds that the Plaintiffs are

not entitled to summary judgment under the doctrine of res judicata.

### 3.    The Doctrine of Collateral Estoppel

Next, the Plaintiffs contend they are entitled to summary judgment under the doctrine

of collateral estoppel. They maintain the Debtor should be collaterally estopped from

denying the acts of fraud which led to the state court judgment against her. The Debtor, on

the other hand, argues that there was no showing in the state court judgment that she had the

requisite intent to defraud the Plaintiffs.

The doctrine of collateral estoppel precludes the relitigation of issues previously

determined in a prior action. *Brown*, 442 U.S. at 139 n.10; *Jensen v. Foley*, 295 F.3d 745,

748 (7th Cir. 2002) (finding that collateral estoppel "prevents a party from relitigating an

issue that it has previously litigated and lost"). "Collateral estoppel . . . has the dual purpose

of protecting litigants from the burden of relitigating an identical issue with the same party

or his privy and of promoting judicial economy by preventing needless litigation." *Parklane*

*Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The Supreme Court has held that collateral

-28-

estoppel principles apply in proceedings seeking to bar the discharge of a debt under 11

U.S.C. § 523(a). *Grogan*, 498 U.S. at 284 n.11; *see also Meyer v. Rigdon*, 36 F.3d 1375,

1378-79 (7th Cir. 1994). Thus, "where a court of competent jurisdiction has previously ruled

against a debtor upon specific issues of fact that independently comprise elements of a

creditor's nondischargeability claim, the debtor may not seek to relitigate those underlying

facts in bankruptcy court, provided that the issues involved had been 'actually litigated.'"

*French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659, 663 (Bankr.

N.D. Ill. 1998), *aff'd*, No. 99 C 6020, 2000 WL 226706 (N.D. Ill. Feb. 22, 2000), *aff'd*, No.

00-1720, 2001 WL 1313652 (7th Cir. Oct. 23, 2001).

Federal courts must give full faith and credit to the collateral estoppel effects of state

court judgments under state standards.    28 U.S.C. § 1738; *Marrese v. Am. Acad. of

Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Am. Nat'l Bank & Trust Co. of Chi. v.

Reg'l Transp. Auth.*, 125 F.3d 420, 430 (7th Cir. 1997). Bankruptcy courts are bound by this

obligation. *See Gouveia v. Tazbir*, 37 F.3d 295, 300 (7th Cir. 1994). "'[T]he preclusive

effect of a state court judgment in a federal case is a matter of state rather than of federal

law.'" *Brokaw*, 305 F.3d at 669 (*quoting CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294

F.3d 849, 856 (7th Cir. 2002)).   Because this matter presents a question regarding the

collateral estoppel effect of an Illinois state court judgment, the Court must apply the Illinois

law of collateral estoppel. *See In re Catt*, 368 F.3d 789, 790-91 (7th Cir. 2004) ("The effect

of a judgment in subsequent litigation is determined by the law of the jurisdiction that

rendered the judgment. . . .").

-29-

Under Illinois law, the essential elements for application of collateral estoppel are:
(1) the issue decided in the prior adjudication must be identical to the issue in the current
action; (2) the party against whom the estoppel is asserted must have been a party or in
privity with a party to the prior case; and (3) there must have been a final judgment on the
merits in the prior action. *Brokaw*, 305 F.3d at 669 (*quoting Kalush v. Deluxe Corp.*, 171
F.3d 489, 493 (7th Cir. 1999)); *see also DuPage Forklift Serv., Inc. v. Material Handling
Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). In Illinois, collateral estoppel is "limited to the
precise factual or legal issues actually litigated and decided when a prior order was entered."
*People v. Williams*, 563 N.E.2d 385, 392 (Ill. 1990). "Actually litigated" does not mean
"thoroughly litigated," but it does mean "that the parties disputed the issue and the trier of
fact resolved it." *Taylor v. Peoples Gas Light & Coke Co.*, 656 N.E.2d 134, 141 (Ill. App.
Ct. 1995). The party asserting collateral estoppel bears a heavy burden of proof. *Am. Nat'l
Bank & Trust*, 125 F.3d at 430.

It is undisputed that there was a final judgment on the merits in the state court action
rendered by a court of competent jurisdiction, and that there is an identity of parties. The
only contested element is whether the issues decided in the state court proceeding are
identical to the current action. The issues before the state court in that complaint were
common law fraud under Illinois law (Count I) and the Illinois Residential Real Property
Disclosure Act (Count II).

In *Tabor v. Griffieth (In re Griffieth)*, Nos. 03-82755, 03-8170, 2004 WL 316493
(Bankr. C.D. Ill. Feb. 18, 2004), Judge Perkins denied a motion for summary judgment based
on the doctrine of collateral estoppel. *Id.* at *3. There, the plaintiffs sought a determination

-30-

that a debt evidenced by a state court judgment obtained for violation of the Illinois Residential Real Property Disclosure Act was non-dischargeable under § 523(a)(2)(A). The court noted that in order to prevail under the Illinois Residential Real Property Disclosure Act, a home buyer did not have to establish that the seller made the false disclosure with the intent to deceive, that the home buyer relied on the false disclosure, or that such reliance was justifiable, as those elements must be established under § 523(a)(2)(A). *Id.*

The court held that the state court judgment, which was predicated on the Illinois Residential Real Property Disclosure Act, did not, by itself, show that the judgment was based upon a finding of actual fraud. *Id.* The court declined to draw any inferences regarding the debtor's intent to deceive. *Id.* The judgment did not contain any specific findings of fact that allowed the court to determine the basis for the state court's judgment. *Id.* The court aptly noted that "[p]ossibility and surmise do not provide a basis for application of the doctrine of collateral estoppel." *Id.* Thus, the court refused to give the state court judgment preclusive effect. *Id.*

This Court agrees with Judge Perkins and his decision in the *Griffieth* case. Turning to the matter at bar, the Court finds that the doctrine of collateral estoppel will not serve as a basis for summary judgment. The Plaintiffs have failed to demonstrate that the identical and precise issue was decided in the state court action with respect to Count II of the state court complaint, which was premised on the Illinois Residential Real Property Disclosure Act. Moreover, none of the underlying evidence upon which the state court made its conclusions has been furnished to the Court.

-32-

Unfortunately for the Plaintiffs, this Court cannot ascertain whether the state court concluded that the Debtor intended to deceive the Plaintiffs and whether in fact the Plaintiffs' reliance on the Debtor's representations was justifiable. Because the record before the Court is silent on these issues, the Court cannot make a determination of whether these elements were essential to the state court's judgment. Simply put, the record here lacks sufficient detail for the Court to determine whether all of the § 523(a)(2)(A) elements were actually decided before the state court. Absent an adequate showing of what evidence was submitted in the prior proceeding and an absence of detailed findings of fact and conclusions of law from that proceeding, the doctrine of collateral estoppel is not properly applied here.

## V. CONCLUSION

For the foregoing reasons, the Court denies the Plaintiffs' motion for summary judgment. The Court finds that the Plaintiffs have not demonstrated that the judgment entered by the Illinois state court should be afforded preclusive effect under the doctrines of collateral estoppel and res judicata. Further, the Court grants the Debtor's motion for summary judgment and finds that the instant complaint was filed after the deadline set forth in Bankruptcy Rule 4007(c). Therefore, this adversary proceeding is hereby dismissed. The trial set to commence on October 14, 2009, is hereby stricken.

-33-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _____7/14/9_____                    _____
                                              **John H. Squires**
                                              **United States Bankruptcy Judge**

cc:    See attached Service List

## SERVICE LIST

### Jon R. and Lisa M.D. Baermann v. Maureen E. Ryan
### Adversary Case No. 09 A 00062

William T. Neary, Esq.
United States Trustee
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Dennis M Sbertoli, Esq.
P.O. Box 1482
La Grange Park, IL 60526

Christopher J. Harney, Esq.
Robert R. Benjamin, Esq.
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, IL 60604

Gregg Szilagyi, Esq.
Tailwind Services LLC
One South Wacker Drive, Suite 800
Chicago, IL 60606