# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07 B 17944 |
| | ) | Chapter 7 |
| MAUREEN E. RYAN, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JON R. BAERMANN and | ) | Adversary No. 09 A 00062 |
| LISA M.D. BAERMANN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAUREEN E. RYAN, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Maureen E. Ryan (the "Debtor")

for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 against Jon R.

Baermann and Lisa M.D. Baermann (the "Plaintiffs"). For the reasons set forth herein, the

Court denies the Debtor's motion for sanctions.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois. A motion for sanctions under Bankruptcy Rule 9011 is a core proceeding

under 28 U.S.C. § 157(b)(2)(A) and (O). *Chi. Bank of Commerce v. Amalgamated Trust &*

*Savs. Bank (In re Memorial Estates, Inc.)*, 116 B.R. 108, 111 (N.D. Ill. 1990).

-2-

## II. **FACTS AND BACKGROUND**

On July 14, 2009, the Court entered a Memorandum Opinion that, among other things, granted the Debtor's motion for summary judgment and dismissed this adversary proceeding because it was not filed timely pursuant to Federal Rule of Bankruptcy Procedure 4007(c). *Baermann v. Ryan (In re Ryan)*, Bankr. No. 07 B 17944, Adv. No. 09 A 00062, 2009 WL 2029869 (Bankr. N.D. Ill. July 14, 2009). All of the details regarding this matter are contained in that Opinion and will not be repeated here.

On July 24, 2009, the Debtor filed this motion for sanctions against the Plaintiffs. The Debtor argues that some of the allegations in the complaint were frivolous. Specifically, the Debtor maintains that the Plaintiffs were aware that the state court judgment did not contain any rulings with respect to the Debtor's intentional misrepresentations or that the Debtor knowingly concealed serious defects in the real property. In addition, the Debtor contends that the state court judgment did not find that the Plaintiffs "were awarded monetary damages . . . in the sum of $15,320.01 plus costs." Rather, the state court order found damages of $7,820.01 for repairs and awarded an additional $7,500.00 in attorney's fees. Thus, because the Plaintiffs failed to withdraw these allegations, the Debtor seeks sanctions under Bankruptcy Rule 9011.

Neither the Debtor nor the Plaintiffs requested an evidentiary hearing. Thus, the Court took the matter under advisement based on the filed pleadings.

-3-

### III. **APPLICABLE STANDARDS**

Bankruptcy Rule 9011 is modeled after Federal Rule of Civil Procedure 11 and is "essentially identical" to Rule 11. *In re Park Place Assocs.*, 118 B.R. 613, 616 (Bankr. N.D. Ill. 1990). Rule 11 was amended in 1993 to add certain notice requirements and these same amendments were later made to Bankruptcy Rule 9011, effective in 1997. Thus, courts look frequently to cases that interpret Rule 11 when construing Bankruptcy Rule 9011. *In re Famisaran*, 224 B.R. 886, 894 (Bankr. N.D. Ill. 1998). Some Rule 11 cases decided prior to the procedural amendment are still applicable today in analyzing Bankruptcy Rule 9011 because the substantive provisions were not altered. *See In re Collins*, 250 B.R. 645, 659 (Bankr. N.D. Ill. 2000); *State Bank of India v. Kaliana (In re Kaliana)*, 207 B.R. 597, 601 (Bankr. N.D. Ill. 1997).

"The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004). The Rule is not intended to function as a fee-shifting statute that would require the losing party to pay fees and costs. *Kaliana*, 207 B.R. at 601 (*citing Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989)) ("Rule 11 is not a fee-shifting statute in the sense that the loser pays."). Thus, the Rule focuses on the conduct of the parties and not the results of the litigation. "Rule 11 sanctions are only to be granted sparingly, and should not be imposed lightly." *Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-93 (N.D. Ill. 2004), *aff'd*, 395 F.3d 773 (7th Cir. 2005) (citation omitted).

-4-

Bankruptcy Rule 9011 provides in relevant part as follows:

> (a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. . . .
>
> (b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,–
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) SANCTIONS.   If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
>> (1) How Initiated.
>>
>>> (A) By Motion.   A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as

-5-

provided in Rule 7004.   The motion for
sanctions may not be filed with or presented to
the court unless, within 21 days after service
of the motion (or such other period as the
court may prescribe), the challenged paper,
claim, defense, contention, allegation, or
denial is not withdrawn or appropriately
corrected, except that this limitation shall not
apply if the conduct alleged is the filing of a
petition in violation of subdivision (b).   If
warranted, the court may award to the party
prevailing on the motion the reasonable
expenses and attorney's fees incurred in
presenting or opposing the motion. . . .

.   .   .

(2) Nature of Sanction; Limitations.   A
sanction imposed for violation of this rule
shall be limited to what is sufficient to deter
repetition of such conduct or comparable
conduct by others similarly situated.  Subject
to the limitations in subparagraphs (A) and
(B), the sanction may consist of, or include,
directives of a nonmonetary nature, an order to
pay a penalty into court, or, if imposed on
motion and warranted for effective deterrence,
an order directing payment to the movant of
some or all of the reasonable attorneys' fees
and other expenses incurred as a direct result
of the violation.

.   .   .

(3) Order.   When imposing sanctions, the
court shall describe the conduct determined to
constitute a violation of this rule and explain
the basis for the sanction imposed.

FED. R. BANKR. P. 9011(a)-(c).

A court may impose sanctions if it finds a violation of any one of the four

subdivisions of Bankruptcy Rule 9011(b).  *Collins*, 250 B.R. at 661.   Bankruptcy Rule

9011(b) provides that upon presenting in the manner of signing, filing, submitting, or later

-6-

advocating documents to the court, a party or their counsel represents that to the best of that

person's knowledge, information and belief, formed after a reasonable inquiry under the

circumstances, such document is not presented (1) for any improper purpose, (2) based upon

frivolous legal arguments, (3) without adequate evidentiary support for its allegations, and

(4) without a basis for denials of fact. *See* FED. R. BANKR. P. 9011(b)(1)-(4). "[T]he four

subdivisions of Rule 9011(b) fall into two general categories: the 'frivolousness' clauses (or

the 'objective component') and the 'improper purpose' clause (or the 'subjective

component')." *In re Am. Telecom Corp.*, 319 B.R. 857, 867 (Bankr. N.D. Ill. 2004), *aff'd,*

*Am. Telecom Corp. v. Siemens Info. & Commc'ns Network, Inc.*, No. 04 C 8053, slip op.

(N.D. Ill. Sept. 7, 2005).

Bankruptcy Rule 9011(b)(1) prohibits the filing of a pleading for an improper

purpose, such as delay, harassment, or causing expense, even if the filing relates to a claim

that is otherwise colorable. *Id.* Bankruptcy Rule 9011(b)(2)-(4) requires a party's attorney

to perform a reasonable preliminary investigation of the facts and the applicable law before

filing a paper in federal court. *Id.*

The "improper purpose clause," under Bankruptcy Rule 9011(b)(1) is directed at

abusive litigation practices and encompasses papers filed to cause unnecessary delay, to

increase litigation costs, or filed to harass. *Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337,

366 (Bankr. N.D. Ill. 2005); *Am. Telecom*, 319 B.R. at 872. In order to determine whether

a paper was interposed for any improper purpose, a court must look to "objectively

ascertainable circumstances that support an inference" that the non-movant's purpose for

filing a paper was improper within the meaning of Bankruptcy Rule 9011(b)(1). *Collins*, 250

-7-

B.R. at 662. "A paper interposed for any improper purpose is sanctionable whether or not it is supported by the facts and the law, and no matter how careful the pre-filing investigation." *Kitchin*, 327 B.R. at 366.

With respect to the "frivolousness clauses," the relevant inquiry has two prongs: (1) whether the attorney made a reasonable inquiry into the facts and (2) whether the attorney made a reasonable investigation of the law. *Home Savs. Ass'n of Kansas City, F.A. v. Woodstock Assocs. I, Inc. (In re Woodstock Assocs. I, Inc.)*, 121 B.R. 238, 242 (Bankr. N.D. Ill. 1990). "The legal papers an attorney files in any case must be grounded in both a nonfrivolous legal theory and well-founded factual contentions and/or denials that, at a minimum, have a reasonable possibility of having evidentiary support after further investigation and discovery." *Am. Telecom*, 319 B.R. at 867. Good faith alone is not enough to comply with the frivolousness clauses of Bankruptcy Rule 9011. *Id.* Indeed, "Rule 9011 imposes an affirmative obligation upon counsel to conduct a reasonable inquiry into both the law and the facts before advancing a particular position to the court." *In re Martin*, 350 B.R. 812, 817 (Bankr. N.D. Ind. 2006).

In making the determination of whether a reasonable inquiry was made with respect to the facts of a case, courts must consider five factors: (1) whether the signer of the document had sufficient time for investigation; (2) the extent to which the attorney had to rely on the client for the factual foundation underlying the pleading; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's ability to perform a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Woodstock*, 121 B.R. at 242. In sum,

-8-

the investigation of the facts must have been reasonable under the particular circumstances

of the case. *In re Excello Press, Inc.*, 967 F.2d 1109, 1112-13 (7th Cir. 1992).  A pleading

is well-grounded in fact if it has some reasonable basis in fact. *Woodstock*, 121 B.R. at 242.

On the other hand, a pleading is not well-grounded in fact if it is contradicted by

uncontroverted evidence that was or should have been known by the attorney signing the

document. *Id.*  Nonetheless, the Rule does not require investigation to the point of absolute

certainty. *Kaliana*, 207 B.R. at 601.  All of these factors have been considered here.

Under Bankruptcy Rule 9011(c)(1), "sanctions proceedings may be initiated in two

ways, by motion or at the initiative of the trial court." *Divane v. Krull Elec. Co., Inc.*, 200

F.3d 1020, 1025 (7th Cir. 1999).  When sanctions are requested upon a party's motion

pursuant to Bankruptcy Rule 9011(c)(1)(A), two requirements must be met: (1) the motion

must be made separate and apart from other motions or requests and "[must] describe the

specific conduct alleged to violate" representations to the court, and (2) "the motion may not

be presented to the court unless, within twenty-one days of service, the non-movant has not

withdrawn or corrected the challenged behavior." *Id.*  The separate motion requirement

prevents the sanctions request "'from being tacked onto or buried in motions on the merits,

such as motions to dismiss or for summary judgment.'" *Kitchin*, 327 B.R. at 362 (*quoting*

*Ridder v. Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997)).  A court abuses its discretion

if it permits a motion for sanction to be made in conjunction with another motion. *See*

*Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1058 (7th Cir. 1998).

Here, the Debtor seeks sanctions under Bankruptcy Rule 9011 by way of separate

motion after the motion for summary judgment was granted in her favor.  Thus, the Court

-9-

finds that the "separateness" requirement under Bankruptcy Rule 9011(c)(1)(A) has been met. *See Kitchin*, 327 B.R. at 362-63.

A court that imposes sanctions by motion without adhering to the twenty-one day "safe harbor" provision abuses its discretion. *Divane*, 200 F.3d at 1025 (*citing Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 150-51 (7th Cir. 1996)). The "safe harbor" provision in Bankruptcy Rule 9011(c)(1)(A) is a mandatory procedural prerequisite and sanctions imposed without compliance are improper. *In re McNichols*, 258 B.R. 892, 902-03 (Bankr. N.D. Ill. 2001). The purpose of the requirement is to give the offending party the opportunity, within twenty-one days after service of the motions for sanctions, to withdraw or correct the offending pleading in order to avoid the imposition of sanctions. *Divane*, 200 F.3d at 1025-26; *Kitchin*, 327 B.R. at 359-60. This provision "serves the laudable purpose of requiring litigants to dispose of frivolous claims without judicial involvement." *Kitchin*, 327 B.R. at 361. Rule 11(c) was designed to ensure due process and give the potentially offending party a "full and fair opportunity to respond and show cause before sanctions are imposed." *Divane*, 200 F.3d at 1025.

## IV. **DISCUSSION**

First, the Court must address the timeliness of the Debtor's post-judgment motion for sanctions as it relates to the safe harbor provision of Bankruptcy Rule 9011. Rule 11(c)(1)(A) does not set a specified time period when the motion for sanctions must be filed. *Divane*, 200 F.3d at 1025. The Seventh Circuit has stated that a motion for sanctions should be filed "as soon as practicable after discovery of a Rule 11 violation." *Kaplan v. Zenner*,

-10-

956 F.2d 149, 151 (7th Cir. 1992); *see also Divane*, 200 F.3d at 1027 (*quoting Kaplan*).

"Reasonableness is necessarily dictated by the specific facts and circumstances in a given

case." *Kaplan*, 956 F.2d at 152. "Although a party may file a Rule 11 motion after a court

enters judgment, the party must have served the alleged violator at least 21 days before the

entry of judgment." *Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp.2d 726, 731 (W.D. Wis.

2004) (*citing Divane*); *see also Hamil v. Mobex Managed Servs. Co.*, 208 F.R.D. 247, 250

(N.D. Ind. 2002).

On February 9, 2009, approximately thirteen days after the Plaintiffs filed this

adversary proceeding, counsel for the Debtor sent a letter to counsel for the Plaintiffs that

alleged the allegations in the complaint regarding the Debtor's alleged intentional

misrepresentations and her concealing serious defects in the real property were not supported

by the state court judgment. (Mot. for Sanctions Ex. C.) In addition, the letter stated that the

state court judgment did not award monetary damages in the amount of $15,320.01 plus

costs. (*Id.*) Rather, the judgment found damages of $7,820.01 for repairs and awarded

$7,500.00 in attorney's fees. (*Id.*) The letter requested that the Plaintiffs correct or withdraw

the allegations in the complaint within twenty-one days. (*Id.*) The letter did not mention the

word "sanctions," nor can it be construed as a motion for sanctions. The instant motion for

sanctions was not filed until July 24, 2009, ten days after the Court granted the Debtor's

motion for summary judgment and dismissed the adversary proceeding because it was not

timely filed under Bankruptcy Rule 4007(c).

The question is whether the letter sent by the Debtor's counsel to the Plaintiffs'

counsel on February 9, 2009, satisfies the safe-harbor provision of Bankruptcy Rule 9011(c).

-11-

Compliance with the twenty-one day safe harbor provision is "not merely an empty formality." *Divane*, 200 F.3d at 1026; *see also Corley*, 142 F.3d at 1058 (stating that sanctions under Rule 11 are improper unless the moving party and the court comply with the twenty-one day safe harbor notice provision). The Seventh Circuit, in *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003), stated that the sending of a "letter" or "demand" "complied substantially" with the requirements of Rule 11(c)(1)(A). *Accord In re Meier*, 223 F.R.D. 514, 517 (W.D. Wis. 2004) (*citing Nisenbaum*).

The Court finds the Debtor served the Plaintiffs with the letter on February 9, 2009, which is more than twenty-one days prior to filing the sanctions motion with the Court on July 24, 2009. However, the Debtor waited until after the Court entered judgment to seek sanctions against the Plaintiffs. In light of the Seventh Circuit's dictate that sanctions motions can be filed post-judgment, and that a letter satisfies the requirements of Rule 11(c)(1)(A), the Court finds that the motion was timely, and the Debtor has complied with the safe-harbor provision. Accordingly, the Debtor is entitled to a decision on the merits of her request for sanctions under Bankruptcy Rule 9011.

The attorney for the Plaintiffs, in response to the motion, specifically states in an affidavit that he believed that findings of fraud and misrepresentation were included in the state court's judgment in favor of the Plaintiffs. (Plaintiffs' Resp. to Mot. for Sanctions Ex. A (Dennis M. Sbertoli Aff.) ¶14.) According to Mr. Sbertoli, as a prerequisite to filing the original adversary proceeding, he reviewed the elements of common law fraud and the Illinois Residential Real Property Disclosure Act, and concluded that the state court could not have ruled in favor of the Plaintiffs without having concluded that the Plaintiffs proved

-12-

fraud on the part of the Debtor. (*Id.* ¶ 15.)  Moreover, in a letter dated February 18, 2009,

in response to the Debtor's letter of February 9, 2009, Mr. Sbertoli addressed the Debtor's

concerns regarding the allegations made in the complaint with respect to whether the Debtor

made intentional misrepresentations and whether she knowingly concealed serious defects

in the real property.  (Response to Mot. for Sanctions Ex. B.)  Mr. Sbertoli indicated that,

pursuant to the state court's findings, the Plaintiffs met their burden of proof based on the

evidence. (*Id.*)  He concluded that the court could not have made that ruling without finding

that the Debtor had committed fraud upon the Plaintiffs.  (*Id.*)  According to Mr. Sbertoli,

even though the state court order does not specifically articulate that the Debtor committed

fraud, he inferred fraudulent conduct on the Debtor's part based on the state court's

conclusion that the Plaintiffs had met their burden of proof in establishing common law fraud

and a violation of the Illinois Residential Real Property Disclosure Act.  (*Id.*)

      The Court finds that these actions on the part of Mr. Sbertoli are indicative of the pre-

filing fact investigation, and such actions negate the Debtor's argument that the Plaintiffs'

claim was frivolous because it was maintained in defiance of uncontroverted facts to the

contrary.  The Court further finds that the Plaintiffs' complaint was well-grounded in fact

because it had some reasonable basis in fact.  The state court made the finding that the

Plaintiffs, based on the evidence, had met their burden of proof with respect to their claims

for fraud and violations of the Illinois Residential Real Property Disclosure Act, and entered

judgment against the Debtor.  This Court denied the Plaintiffs' motion for summary

judgment because it did not have sufficient factual findings from the state court in order to

ascertain if all the elements for a claim under 11 U.S.C. § 523(a)(2)(A) had been determined

-13-

by the state court for purposes of application of the doctrines of res judicata and collateral estoppel. This Court did not address the merits of the allegations in the Plaintiffs' complaint, nor did it find those allegations without factual support. Rather, the Court found that the state court order lacked sufficient detail for the Court to decide if all the § 523(a)(2)(A) elements were met. The Plaintiffs' reliance on the findings made in the state court order as a basis for their § 523(a)(2)(A) claim against the Debtor does not constitute sanctionable conduct under Bankruptcy Rule 9011.

Next, the Debtor takes issue with the Plaintiffs' allegation in the complaint regarding "monetary damages" in the sum of $15,320.01. The Debtor contends that the state court order found damages in the sum of $7,820.01 for repairs and awarded $7,500.00 in attorney's fees. That the Plaintiffs referenced the total of the sums awarded for repairs and attorney's fees as "monetary damages" and did not breakdown that figure into its specific parts does not constitute sanctionable conduct under Bankruptcy Rule 9011. The bottom line is the Plaintiffs were awarded the total amount of $15,320.01.

The Court finds that the Debtor has not offered any proof to support the unverified allegations in her motion that the adversary proceeding was "frivolous because it was maintained in defiance of uncontroverted facts to the contrary." (Mot. for Sanctions ¶ 18.) The Debtor's unsworn allegations in her motion do not constitute evidence. The Debtor has not submitted an affidavit that supports her allegations. Because no proof was offered, there should not be any sanctions levied against the Plaintiffs. It is the Debtor's responsibility to offer proof to establish the allegations she made in her motion for sanctions. The papers are devoid of any evidence, documentary or testimonial, that the Plaintiffs' claim was frivolous.

-14-

In sum, the Court finds that the Plaintiffs have contradicted and/or explained sufficiently the allegations made by the Debtor in the motion for sanctions to justify their allegations in the complaint.   The allegations in the complaint were not frivolous. Accordingly, the Court finds that the Debtor has not demonstrated that the Plaintiffs acted in any way that violated Bankruptcy Rule 9011.  Therefore, the Court declines to sanction the Plaintiffs.

The Debtor's motion for sanctions appears to be an attempt to shift the payment of her attorney's fees and costs to the Plaintiffs after she successfully prosecuted a defensive summary judgment motion.  Bankruptcy Rule 9011 is not intended to function as a fee-shifting statute that requires the losing party to pay fees and costs. *Kaliana*, 207 B.R. at 601. "Discouraging frivolous litigation–not punishing litigants–is Rule 11's purpose." *Brown v. Pierce Mfg., Inc.*, 169 F.R.D. 118, 119 (E.D. Wis. 1996).

## V.  CONCLUSION

For the foregoing reasons, the Court denies the Debtor's motion for sanctions against the Plaintiffs.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: _____9/8/9_____        _____

John H. Squires
United States Bankruptcy Judge

cc:   See attached Service List

## SERVICE LIST

### Jon R. and Lisa M.D. Baermann v. Maureen E. Ryan
### Adversary Case No. 09 A 00062

William T. Neary, Esq.
United States Trustee
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Dennis M Sbertoli, Esq.
P.O. Box 1482
La Grange Park, IL 60526

Christopher J. Harney, Esq.
Robert R. Benjamin, Esq.
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, IL 60604

Gregg Szilagyi, Esq.
Tailwind Services LLC
One South Wacker Drive, Suite 800
Chicago, IL 60606